# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

|  |  |  |
|---|---|---|
| **MICHAEL NIEMIS, Individually, and on Behalf of All Others Similarly Situated,** | ) ) ) ) | Case No. 8:20-cv-02956-WFJ-JSS |
| **Plaintiff,** | ) ) ) |  |
| **v.** | ) ) ) |  |
| **CCC INFORMATION SERVICES, INC.,** | ) ) ) |  |
| **Defendants.** | ) ) ) |  |

## <u>CONFIDENTIALITY ORDER</u>

**THE PARTIES HAVE STIPULATED AND AGREED, AND THE COURT THEREFORE ORDERS THAT:**

1. <u>**"PROTECTED" MATERIAL**</u>

   a. <u>Protected Material.</u>  "Protected Material," as that term is used in this Confidentially Order, means data, documents, electronically stored information, discovery responses, testimony, and all other material or information, whether in paper, electronic, digital, or other format, that is produced or supplied by any Producing Party in this action and identified as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY as well as (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries,

translations, or compilations of Protected Material; and (3) any oral, written, or electronic communications, testimony or presentations, including for purposes of settlement, by Producing Parties or their Counsel that might reveal Protected Material.

b. <u>CONFIDENTIAL Material.</u> Subject to this Order, any party to this litigation and any third party that produces information or items in disclosures or in responses to discovery shall have the right to designate as "CONFIDENTIAL" any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation and any third party covered by this Order ("Producing Party") who produces or discloses any CONFIDENTIAL Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or a similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "CONFIDENTIAL").

c. <u>HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY  Material.</u> Subject to this Order, any Producing Party shall have the right to designate as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" any information, document, or thing, or portion of any document or thing: (1) is subject to federal, state, local, or foreign data protection laws or regulations, or other privacy obligations; or (2) is designated by the Producing Party as CONFIDENTIAL, but which also reflects (i) non-public Material relating to product design and testing; (ii) non-public Material relating to trade secrets; or (iii) non-public Material relating to other types of proprietary or highly confidential business, financial, regulatory, or strategic information (e.g., business plans, technical data, non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the Designating Party or third parties associated therewith.  Any Producing Party who produces or discloses any such material shall mark the same with the following or a similar legend: "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

## 2. <u>DISCLOSURE OF PROTECTED MATERIAL</u>

a. <u>Disclosure of "CONFIDENTIAL" Material.</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material designated CONFIDENTIAL only to:

i. The Court, its employees and necessary clerical support staff, and any appellate court or other court assuming jurisdiction over this action;

ii.     The Receiving Party's counsel of record in this action, other attorneys employed by their firms, and necessary paralegal, clerical, and support staff employed by counsel of record (collectively, "Counsel"), and any in-house counsel employed by the Receiving Party in this action with responsibility for this Action, to whom it is reasonably necessary to disclose the Protected Material designated CONFIDENTIAL for this Action (who shall not be required to execute the Confidentiality Acknowledgment and Affirmation, annexed as Exhibit "A" but all of whom shall, nevertheless, be bound by this Confidentiality Agreement);

iii.     The Parties and any employees, former employees, or agents of the Parties or their corporate affiliates to whom disclosure is reasonably necessary for this Action, provided that, before disclosure of the Protected Material to any former employees or agents, such former employees or agents shall execute a Confidentiality Acknowledgement and Affirmation in the form annexed as "Exhibit A," which shall be maintained by counsel for the Receiving Party;

iv.     Persons consulted or retained for the purpose of providing litigation support or technical services in connection with discovery or preparation for trial of this action, provided that, before disclosure of the CONFIDENTIAL Material to said persons, each shall execute a Confidentiality Acknowledgement and Affirmation in the form annexed as "Exhibit A", which shall be maintained by counsel for the party using such persons;

v.        Independent Experts or Consultants (as defined in Paragraph 7) whether testifying or non-testifying, who have been retained by a Party or by Counsel for a Party to assist with the technical, financial or other aspects of the Action, and staff employed by such Experts or Consultants, provided that, before disclosure of the CONFIDENTIAL Material to said persons, each shall execute a Confidentiality Acknowledgement and Affirmation in the form annexed as "Exhibit A," which shall be maintained by counsel for the party using such persons, and provided the Party comply with the requirements in Paragraph 7; Persons providing copy and clerical litigation, document management, and electronic data support services working at the direction of Counsel, provided that Counsel retaining the copy or imaging service instructs the service not to disclose any CONFIDENTIAL Material to any person or entity not authorized to receive it under this Agreement, and to immediately return all originals and copies of any CONFIDENTIAL Material;

vi.       Persons providing graphics, translation, design, jury research consultants, and/or trial consulting personnel working at the direction of Counsel, provided that the Counsel retaining the copy or imaging service instructs the service not to disclose any CONFIDENTIAL Material to any person or entity not authorized to receive it under this Agreement, and to immediately return all originals and copies of any CONFIDENTIAL Material;

vii. Stenographic reporters and videographers (and their staff) involved in depositions or other proceedings in this action;

viii. Witnesses other than the Parties and their current employees appearing at depositions, hearings or trial in this matter, provided that such witnesses (i) execute a Confidentiality Acknowledgement and Affirmation in the form annexed as "Exhibit A" prior to being given access to CONFIDENTIAL Material; and (ii) will only be able to review, but not retain, CONFIDENTIAL Material; and

ix. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

b. <u>HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY Material.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose Protected Material designated as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY to:

i. The Court, its employees and necessary clerical support staff, and any appellate court or other court assuming jurisdiction over this action;

ii. The Receiving Party's Counsel (who shall not be required to execute the Confidentiality Acknowledgment and Affirmation, annexed as Exhibit "A" but all of whom shall, nevertheless, be bound by this Confidentiality Agreement). The Receiving Party's in-house counsel is not permitted to review such materials absent permission by the Producing Party;

iii.     Persons consulted or retained for the purpose of providing litigation support or technical services in connection with discovery or preparation for trial of this action, provided that, before disclosure of the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Material to said persons, each shall execute a Confidentiality Acknowledgement and Affirmation in the form annexed as "Exhibit A", which shall be maintained by counsel for the party using such persons;

iv.     Independent Experts or Consultants (as defined in Paragraph 7), whether testifying or non-testifying, who have been retained by a Party or by Counsel for a Party to assist with the technical, financial or other aspects of the Action, and staff employed by such Experts or Consultants, provided that, before disclosure of the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Material to said persons, each shall execute a Confidentiality Acknowledgement and Affirmation in the form annexed as "Exhibit A", which shall be maintained by counsel for the party using such persons, and provided the Party comply with the requirements in Paragraph 7;

v.     Persons providing copy and clerical litigation, document management, and electronic data support services working at the direction of Counsel, provided that Counsel retaining the copy or imaging service instructs the service not to disclose any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY Material to any person or entity not authorized to receive it under this Agreement, and to immediately return all originals and copies of any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Material;

vi.     Persons providing graphics, translation, design, jury research consultants, and/or trial consulting personnel working at the direction of Counsel, provided that the Counsel retaining the copy or imaging service instructs the service not to disclose any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Material to any person or entity not authorized to receive it under this Agreement, and to immediately return all originals and copies of any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Material;

vii.    Stenographic reporters and videographers (and their staff) involved in depositions or other proceedings in this action;

viii.   Witnesses other than the Parties and their current employees appearing at depositions, hearings or trial in this matter, provided that such witnesses (i) execute a Confidentiality Acknowledgement and Affirmation in the form annexed as "Exhibit A" prior to being given access to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Material; and (ii) will only be able to review, but not retain, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Material; and

ix.     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**3.**     **ACCESS TO AND USE OF PROTECTED MATERIAL**

a.     Protected Material shall be used only for the prosecution of this action, including discovery, trial and/or hearings and preparation for same, and for no other purpose, except as may be required by law.  Protected Material shall not be used in the prosecution or defense of matters other than this action.

b.     Protected Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Confidentiality Order.

c.     Persons entitled to access to Protected Material shall not disclose such Protected Material to any person or entity other than those entitled to access as provided in this Confidentiality Order.  A person or an entity not entitled to access to CONFIDENTIAL Material can or will be provided disclosure thereof upon agreement of the Producing Party or if either Party demonstrates to the Court that there is a sufficient and reasonable basis and necessity for such disclosure of specific Protected Material but, otherwise, no person or entity other than those designated in this Confidentiality Order shall have access to the Protected Material.  If the Court determines that a person or an entity not entitled to access to Protected Material pursuant to this Confidentiality Order has a sufficient and reasonable basis and necessity for disclosure, then that person or entity shall execute a Confidentiality Acknowledgement and Affirmation in the form annexed as "Exhibit A," copies of

which shall be provided to and maintained by counsel for all Parties. Notwithstanding the foregoing, nothing in this Confidentiality Order shall restrict any Producing Party or person or entity from use of his, her, or its own Protected Material for any purpose.

4. **DESIGNATING PROTECTED MATERIAL**

a. <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each party or non-party that designates Material for protection under this Confidentiality Order will make reasonable efforts to limit any such designation to specific information that qualifies under the appropriate standards. The Designating Party may, after performing a linear review of any Document or ESI, apply the highest level confidentiality designation that properly applies to any information found therein. Document-level confidentiality designations in the first instance are reasonable and appropriate where, as in this Action, the Parties will likely need to collect, review, and produce a large volume of ESI. If the Receiving Party reasonably anticipates that it will attach such Documents or ESI to any filing, or use those Documents or ESI at a deposition, hearing, or trial, then the Receiving Party may request that the Producing Party reproduce the Documents and/or ESI with designations applied to only those parts of the Material that qualifies, so that other portions of the Material for which protection is not warranted are not swept unjustifiably within the ambit of this Agreement. If it comes to a Designating Party's

attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

      b.    <u>Testimony Given In Deposition Or In Other Pretrial Proceedings.</u>

      i.    If Protected Material is used and disclosed at a deposition, hearing or other proceeding, any person or entity, its officers, employees and agents not entitled to Protected Material shall be precluded from attending that portion of the deposition, hearing or other proceeding in which Protected Material shall be used and disclosed. In addition, the portion of the deposition, hearing or other proceeding transcript containing the Protected Material shall not be disclosed to any person or entity, its officers, employees or agents not entitled to access to said Protected Material.

      c.    If any Protected Material is discussed during a deposition, the transcripts of the depositions, and exhibits thereto, shall, in their entirety, be treated as Protected Material for a period of 30 days after such transcripts are actually received by counsel for each of the parties. During that thirty-day period, portions of deposition transcripts, and exhibits thereto, may be designated as CONFIDENTIAL Material or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY Material pursuant to the terms of this Confidentiality Order by notifying all counsel in this action, and the Producing Party if not a Party in this action, in writing.

If the Producing Party of the Protected Material at issue is not a party to the lawsuit or otherwise in attendance at the deposition where the Protected Material was discussed, the Party taking the deposition shall provide a copy of the transcript to the Producing Party, and the Producing Party shall have thirty days from the receipt of the transcript to designate portions of the transcript as Protected Material. Portions of the deposition record reflecting such Protected Material shall be stamped with the appropriate designation and access thereto shall be limited pursuant to the terms of this Confidentiality Order.

5.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

a.    <u>Timing of Challenges.</u>  If any Party disagrees with the designation for certain data, documents, or information, that Party may object to the designation. Failure to object to the designation promptly shall not preclude a subsequent objection to it.  Any Party who wishes to object to the designation shall serve written objections (including a statement of the legal or factual basis for the objection) on the Producing Party and all other counsel of record and request a conference to resolve the matter.

b.    <u>Meet and Confer.</u>  The objecting Party and the Producing Party shall make a good faith effort to resolve the dispute.  If the dispute cannot be resolved, upon prior notice to all Parties, the Producing Party may apply to the Court for determination as to whether the designation is proper after the objecting party serves

notice to the Producing Party that the dispute cannot be resolved.  The Producing Party shall have the burden of proving the propriety of the designation and of persuading the Court on the propriety of the designation.  For disputes concerning the designations made to Protected Material produced by non-party Producing Parties, upon prior notice to all Parties, the non-party Producing Party may apply to the appropriate compliance court under Rule 45 after the objecting party serves notice to the Producing Party that the dispute cannot be resolved for determination as to whether the designation is proper.  The non-party Producing Party shall have the burden of proving the propriety of the designation and of persuading the court on the propriety of the designation.  Pending a ruling by the Court or compliance court on the motion, the terms of this Confidentiality Order shall remain in effect for the Protected Material that is the subject of said motion.

      c.     <u>Filing Protected Material.</u>  If a party (the "Filing Party") intends that Protected Material produced by another party or a non-party will be attached to an affidavit, declaration, or pleading or otherwise filed, the Filing Party shall follow the procedures provided in M.D. Fla. L.R. 1.11(d).  The Filing Party shall follow the procedures provided in M.D. Fla. L.R. 1.11(c) if it wishes to file its own Protected Material.

d.     <u>Filing Pleadings Quoting Protected Material.</u>  If a Filing Party wishes to file a pleading that quotes, reproduces, or otherwise reflects Protected Material within the text of the pleading, the Filing Party shall, on the Filing Date:

i.      Electronically file a public version of the pleading with the portions of the pleading that quote, reproduce, or otherwise reflect Protected Information redacted therefrom.

ii.     Electronically file a motion to seal pursuant to M.D. Fla. L.R. 1.11(c), if the Protected Material belongs to the Filing Party.

iii.    Electronically file a placeholder pursuant to M.D. Fla. L.R. 1.11(d). The Producing Party shall then file a motion to seal pursuant to M.D. Fla. L.R. 1.11(c).

## 6.     <u>NO WAIVER OF DEFENSES OR OBJECTIONS TO DISCOVERY OR PRODUCTION</u>

This Confidentiality Order shall in no way affect or impair the right of any party or person or entity, its officers, employees or agents, to raise or assert any defense or objection, including, but not limited to, defenses or objections to the discovery or production of data, documents, and information, and to the use, relevancy or admissibility at trial or at any hearing of any evidence.  A party that intends to present or anticipates that another party may present Protected Material at trial shall bring that issue to the Court's and parties' attention by motion reasonably in advance of trial without disclosing the Protected Material.  The Court may

thereafter make such orders as are necessary to govern the use of such documents, material, or information at trial.

## 7.    **INDEPENDENT EXPERTS AND CONSULTANTS**

a.    <u>Defining "Experts" and "Consultants."</u>    The terms "Experts" and "Consultants," as used throughout this Agreement, whether in the singular or plural form, shall mean persons with specialized knowledge and experience in a matter pertinent to this Action who have been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

b.    <u>Transmission of HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY Material to Experts and Consultants.</u>

i.    A Party that seeks to disclose to an Expert or Consultant any Material that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall first obtain from the Expert or Consultant a signed copy of the Confidentiality Acknowledgment and Affirmation attached as Exhibit A to this Order.

ii.    Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose any Material that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to an Expert or Consultant who (1) is a current employee of a Party or of a Party's competitor, any organization or other entity that performs vehicle valuations or

appraisals, or an insurance company or other entity that performs total loss settlements; (2) has been employed by any of the entities in Section 7(b)(ii)(1) in the past five years; or (3) at the time of retention, is anticipated to become an employee of any of the entities in Section 7(b)(ii)(1), first must make a written request to the Designating Party that:

1. identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material that the receiving party seeks permission to disclose to the Expert or Consultant;

2. sets forth the full name of the Expert or Consultant and the city and state of his or her primary residence;

3. attaches a copy of the Expert or Consultant's current resume; and

4. identifies each person or entity from whom the Expert or Consultant has received compensation or funding for work in his or her areas of expertise or to whom the Expert or Consultant has provided professional services, including in connection with any litigation, at any time during the preceding five years and the party to the litigation for whom such work was done. To the extent the Expert or Consultant has individual clients and identifying each person or entity from whom the Expert or Consultant has received compensation or funding for work in his or her areas of expertise or to whom the Expert or Consultant has

provided professional services would not be feasible, the Party that seeks to disclose the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material shall in the first instance identify the Expert or Consultant's business to allow the Designating Party to assess the risk from disclosure of the material to the Expert or Consultant. The Designating Party shall have the right to request additional information as reasonably necessary to allow it to assess the risk from disclosure of the material to the Expert or Consultant.

5.      With regard to the information sought above in Paragraph 7(b)(iv), if the Expert or Consultant believes any of this information is subject to a confidentiality obligation to a third party, then the Expert or Consultant should provide whatever information the Expert or Consultant believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Material to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

c.      <u>Seven Day Period for Objections to Disclosure.</u>  A Party that discloses an Expert or Consultant and seeks to provide the information specified in Paragraph 7(b) may disclose the subject Protected Material to the identified Expert or

Consultant unless, within 7 days of identifying the Expert or Consultant to the Designating Party, the Designating party provides written objections to the Party seeking to make the disclosure. No Material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be disclosed to such Expert(s) or Consultant(s) until after the expiration of the foregoing notice period or the resolution of any timely objections. If an objection is lodged, it shall state with particularity the ground(s) of the objection and the specific categories of documents that are the subject of the objection.

      d.    <u>Resolution of Timely Written Objections.</u>  If the Designating Party lodges a timely written objection to disclosure of HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY Material pursuant to ¶ 7(c), then the parties should meet and confer via teleconference or in person within 7 days of the written objection. If no agreement is reached, CCC must file a motion within 7 days following the completion of the meet and confer process, seeking a protective order from the court to prevent the disclosure. The Party seeking to make the disclosure shall not disclose the HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY Material until the court rules on the motion or the dispute is otherwise resolved. Any motion filed pursuant to this section must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert or Consultant is not reasonably necessary, assess the risk of harm that the disclosure

would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. In any such proceeding, the Designating Party shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Party seeking the disclosure's need to disclose the Protected Material to its Expert or Consultant.

8. <u>**NON-TERMINATION AND RETURN OF DOCUMENTS**</u>

a.    The provisions of this Confidentiality Order shall not terminate at the conclusion of this action.  Within 60 days of the conclusion of the trial and of any appeals, or upon other termination of this litigation, all Protected Material shall be destroyed or returned to the Producing Party.  Following the expiration of this 60 day period, upon request of the Producing Party, any Party to whom Protected Material was produced must submit a written certification to the Producing Party that: (1) states that commercially reasonable efforts have been made to assure that all Confidential Material has been returned or destroyed; and (2) affirms that the Party has not retained any originals, copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  This

requirement notwithstanding, for the sole purpose of complying with legal and insurance requirements applicable to lawyers in the jurisdictions in which they practice, counsel may retain for its records any Protected Material that has been filed with the Court, included in written discovery requests or responses, used in a deposition, or used at trial. The Protected Material retained pursuant to this provision may not be used for any purpose other than the legal and insurance requirements for which they are being maintained.

b. This Confidentiality Order shall remain in effect until modified, superseded or terminated by written consent of the Parties hereto or by court order.

## 9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Agreement, the receiving party must immediately:

a. notify in writing the Designating Party of the unauthorized disclosures;

b. use its best efforts to retrieve all unauthorized copies of the Protected Material;

c. inform the person or persons to whom unauthorized disclosures were made of all the terms of this Agreement, and

d. request that such person or persons execute a Confidentiality Acknowledgement and Affirmation in the form annexed as Exhibit A.

## 10. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

a. If a Producing Party inadvertently produces any data, documents, or information that the Producing Party thereafter claims to be privileged, the Producing Party will give notice thereof to the receiving party in writing. Within five days, the receiving party must return to the Producing Party the document, data or information in question (and all notes and work product quoting, referring or relating thereto) or the receiving party will certify that all copies have been retrieved and destroyed. If the receiving party has disclosed the information to others before being notified of the claim of privilege or protection, the receiving party must take reasonable steps to retrieve and return or destroy the disclosed information.

b. The receiving party upon receiving a privilege log identifying the returned or destroyed document or information remains free to challenge any claim of privilege. However, pursuant to Federal Rule of Evidence 502(d), the production of a document shall not affect a waiver of any privilege or protection. Moreover, absent a ruling that the document, data, or information at issue is not privileged or protected, a receiving party may not disclose nor make any use whatsoever of the information disclosed in or derived from the document or

information at issue.  In the interests of effectuating this Confidentiality Order and protecting the efficient process of discovery, pursuant to Federal Rule of Evidence 502(d), the Court further rules that productions during the course of this action of materials or information claimed to be privileged and sought to be reclaimed by the Producing Parties shall not be used as grounds by any Party or third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this action.  Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that appear on their face to be privileged and to disclose to the Producing Party that such materials have been produced.

## 11.  <u>INADVERTENT FAILURE TO DESIGNATE AS CONFIDENTIAL</u>

If a Producing Party inadvertently fails to stamp certain documents CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY upon their production, it may, at any time, designate such documents as Protected Material.  In that event, at the request of the Producing Party, and upon receipt of the new documents subsequently designated and properly marked as Protected Material, the receiving party shall either destroy or return the original documents inadvertently not designated as Protected Material to the Producing Party.  The receiving party shall not be held liable or responsible for any disclosure prior to the subsequent designation of the documents as Protected Material.

## 12. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

a.      If any Party or person that has obtained Protected Material under the terms of this Confidentiality Order receives a subpoena or other legal process commanding the production of any such documents or information, such Party or person shall

i.      within 72 hours notify counsel for the Producing Party or the Party that designated the information or documents as Protected Material of the service of the subpoena, with such notification including a copy of the subpoena or court order;

ii.      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the Material covered by the subpoena or order is subject to this Agreement, with such notification including a copy of this Agreement;

iii.      timely serve an objection to the subpoena under Rule 45 of the Federal Rules of Civil Procedure if the request is for the production of documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY"; and

iv.      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

b.    The Party or person receiving the subpoena shall not produce any Protected Material in response to the subpoena without either the prior written consent of the Producing Party or an order of a court of competent jurisdiction. However, the Producing Party in such action shall have the burden of seeking a court order relieving the subpoenaed Party or person of the obligations of the subpoena prior to the return date of such subpoena, or the subpoenaed Party or person shall be relieved of its obligations under this Paragraph.

**SO ORDERED**, this ___ day of _____, 2021.


_____
The Honorable William Jung
United States District Court Judge

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated: May 3, 2021

*/ Lee Lowther*
Lee Lowther (*pro hac vice*)
llowther@cbplaw.com
Hank Bates (*pro hac vice*)
hbates@cbplaw.com
Tiffany Wyatt Oldham (*pro hac vice*)
toldham@cbplaw.com
Jake Windley (*pro hac vice*)
jwindley@cbplaw.com
CARNEY BATES & PULLIAM,
PLLC
519 W. 7th St.
Little Rock, AR 72201
Telephone: (501) 312-8500
Facsimile: (501) 312-8505

Caitlyn P. Miller, FL Bar No. 126097
cmiller@awkolaw.com
Mary Liu, FL Bar No. 84438
mliu@awkolaw.com
AYLSTOCK, WITKIN, KREIS &
OVERHOLTZ, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: (850) 202-1010
Facsimile: (850) 916-7449

*Attorneys for Plaintiff Michael Niemis*

*/s/ Marguerite M. Sullivan*
Marguerite M. Sullivan (*pro hac vice*)
marguerite.sullivan@lw.com
Jason R. Burt (*pro hac vice*)
jason.burt@lw.com
George C. Chipev (*pro hac vice*)
george.chipev@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

Joseph H. Varner, III, FL Bar No.
394904
joe.varner@hklaw.com
Secondary:
gloria.mcknight@hklaw.com
HOLLAND & KNIGHT LLP
P O Box 1288
Tampa FL 33601-1288
Telephone: (813) 227-8500
Facsimile: (813) 229-0134

*Attorneys for CCC Information
Services Inc.*

## CONFIDENTIALITY ACKNOWLEDGEMENT
## AND AFFIRMATION

I acknowledge that I have read and understand the Confidentiality Order governing the confidentiality of data, documents, and information, which was entered into by and among Michael Niemis and CCC Information Services, Inc. on _____, and entered as an Order of the Court on _____, 2021, in the matter of **Michael Niemis v. CCC Information Services Inc., Case No. 8:20-cv-02956** in the **U.S. District Court for the Middle District of Florida**. I qualify under its provisions as a person who may have access to data, documents, and information deemed Confidential under the Confidentiality Order. I will abide by the terms and provisions set forth in the Confidentiality Order and subject myself to the personal jurisdiction of this Court to enforce its terms.

Date:

Signature:

Name:

**EXHIBIT A**